# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESHED ALSTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 19-488-LPS |
| | : |
| WEBER GALLAGHER SIMPSON | : |
| STAPLETON FIRES & NEWBY LLP,* | : |
| | : |
| Defendant. | : |

EShed Alston, Dover, Delaware, Pro Se Plaintiff.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, New Castle, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

February 18, 2020
Wilmington, Delaware

---

* Improperly named as Defendants Weber Gallagher; Simpson Stapleton; and Fires and Newby, LLC.

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff EShed Alston ("Plaintiff"), who proceeds *pro se* and has paid the filing fee, commenced this action on March 12, 2019. (D.I. 1) Currently pending is Plaintiff's motion for recusal and Defendant's motion to dismiss. (D.I. 6; D.I. 14) For the reasons discussed below, the Court will deny both motions.

## II. RECUSAL

In light of Plaintiff's challenge to the Court's impartiality, the Court will first consider Plaintiff's motion for recusal. (D.I. 6) Plaintiff moves to rescind the undersigned Judge's oath and, in the alternative, seeks recusal pursuant to 28 U.S.C. § 455, asserting that the undersigned Judge is an "unethical racist and anti-Christian judge" who will nullify due process for a second time. (D.I. 6) The motion references federal civil rights statutes and federal criminal statutes. Plaintiff asserts that the undersigned should have recused two years ago, an apparent reference to other cases he has filed and over which the Court has presided. (*Id.* at 1)

It appears that Plaintiff seeks recusal because he is unhappy with rulings made in *Alston v. Verizon Delaware LLC*, Civ. No. 17-652-LPS (D. Del. Mar. 12, 2019) ("Civ. No. 17-652-LPS"). In Civ. No. 17-652-LPS, a removal case, the federal claims were dismissed and the Court declined to exercise supplemental jurisdiction over the state claims. (*See id.* at D.I. 42; D.I. 43) Plaintiff sought the undersigned Judge's recusal in the case, and the motion was denied. (*See id.*) The rulings were affirmed on appeal. *See Alston v. Verizon Delaware LLC*, 746 F. App'x 154 (3d Cir. 2019).

The "decision of whether to recuse from hearing a matter lies within the sound discretion of the trial court judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Plaintiff references 28 U.S.C. §§ 351-364, statutes that address judicial complaints, but states he is "not" incorporating the statutes in the motion. (D.I. 6 at 1) Instead, Plaintiff invokes 28 U.S.C. § 455.

1

The statute relied upon by Plaintiff does not provide a basis for recusal where a party is simply displeased with the Court's legal rulings. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Section 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004) (citation omitted).

Recusal under 28 U.S.C. § 455 is not warranted here because Plaintiff's allegations do not create or reflect a basis from which a reasonable person with knowledge of all the facts would question the Court's impartiality. Plaintiff's dissatisfaction with prior decisions is an insufficient basis for recusal. *See Securacomm Consulting, Inc.*, 224 F.3d at 278. Finally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, Plaintiff's motion to rescind oath and, in the alternative, for recusal will be denied.

### III. BACKGROUND

Plaintiff filed this action on March 12, 2019. Defendant Weber Gallagher Simpson Stapleton Fires & Newby LLP ("Defendant") is a law firm whose attorneys represented Verizon in in *Alston v. Verizon Delaware LLC*, Civ. No. 17-652-LPS (D. Del. Mar. 12, 2019) ("Civ. No. 17-652-LPS"). Defendant advises that it is one law firm and is improperly named as three separate defendants. The Clerk of Court will be directed to reflect on the Court docket that there is only one

2

Defendant. Plaintiff's Complaint attempts to raise claims related to Defendant's representation of Verizon. Defendant moves to dismiss on the grounds that it has not been properly served. While Plaintiff appears *pro se*, he has paid the filing fee and, therefore, it is up to Plaintiff to obtain service upon Defendant.

On June 20, 2019, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to serve Defendant Weber Gallagher, noting that Plaintiff had filed a document that purported to reflect service but that it did not appear Defendant was served in accordance with the Federal Rules of Civil Procedure. (D.I. 9; D.I. 10) On June 26, 2019, Plaintiff filed a United States Postal Receipt, showing a mailing to Becker Gallagher in June 2019. (D.I. 12) The exact date is not legible. Plaintiff also seems to ask for an additional 30 days to serve Defendant. (*Id.*) The Court docket reflects that in the same mailing, Plaintiff sought issuance of summons for several non-parties, as well as for misnamed Defendant Weber Gallagher, LLC. (*Id.*) On June 26, 2019, the Clerk of Court issued a summons for Weber Gallagher, LLC, and it was mailed to Plaintiff that day. (D.I. 13)

The next day, June 27, 2019, Defendant filed a motion to dismiss for lack of personal jurisdiction and failure to perfect service. (D.I. 14) Defendant states that its only notice of this action was receipt of Plaintiff's unfiled civil action complaint via regular mail at its Philadelphia, Pennsylvania office, despite having offices located in Dover and New Castle, Delaware. (D.I. 14 at 7) While Plaintiff has filed numerous affidavits and memoranda since then, he did not file an opposition to Defendant's motion. Nor has a return of service been filed showing service upon Defendant.

## IV. MOTION TO DISMISS

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of

3

jurisdiction over the person. A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint.

Plaintiff proceeds *pro se* and is given some latitude. Defendant argues that this Court lacks personal jurisdiction over it because Plaintiff neither obtained a valid summons for service nor timely served it as required under Fed. R. Civ. P. 4(m). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l v. Rudolf Wolff and Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444, 445 (1946)). "[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Omni Capital*, 484 U.S. at 104.

Rule 4(a) provides the form of the summons and Rule 4(b) concerns the issuance of the summons. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 568 (3d Cir. 1996). Rule 4(m) requires that a plaintiff serve the defendants "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a plaintiff fails to timely serve a defendant, a court may dismiss the action without prejudice against that defendant or order that service be made within a specific time. *Id.* The United States Court of Appeals for the Third Circuit "'ha[s] equated good cause with the concept of excusable neglect, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

4

The Court docket reflects that upon Plaintiff's request, the day before Defendant filed its motion, the Clerk of Court issued a summons for Weber Gallagher LLC. Defendant's motion indicates that a copy of the complaint was mailed to it. That does not constitute proper service. Yet neither party has indicated, and the Court docket does not reflect, whether Defendant was actually served with summons and complaint after the Clerk of Court issued summons. There is no doubt that Plaintiff did not seek issuance of summons within the 90-day time frame. Nonetheless, his actions demonstrate a good faith effort to serve Defendant. Moreover, Plaintiff's June 26, 2019 filing (D.I. 12) seems to ask for a 30 day extension to serve Defendant. The request was made prior to the time Defendant filed its motion to dismiss.

In light of the foregoing, the Court will deny Defendant's motion to dismiss. In addition, the Court finds good cause exists to grant Plaintiff an extension of time to properly serve Defendant. In the event Plaintiff has already served Defendant, he will be ordered to file a return of summons or proof of proper service.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for recusal (D.I. 6); (2) deny Defendant's motion to dismiss (D.I. 14); (3) order the Clerk of Court to reflect that the three named defendants are actually one defendant; (4) give Plaintiff additional time to effect proper service upon Defendant; and (5) in the event Defendant has been served, order Plaintiff to file proof of service.

An appropriate Order will be entered.